## Groswald Law Pre-Petition Chapter 7 Emergency Bankruptcy Petition Bifurcation Agreement

This pre-petition chapter 7 bankruptcy agreement is entered into between Client and Groswald. The entire cost that Client agrees to pay Groswald $383.00 (three hundred and eighty-three). The $383.00 fee is comprised of a $45.00 credit report and a $338.00-chapter 7 filing fee with the bankruptcy court. **All funds paid are non-refundable.** Said fee must be paid in full before this agreement takes effect.

Scope of Agreement

> Groswald provides advice about the consequences of filing for chapter 7 bankruptcy under your particular circumstances, and will file Clients Emergency Bankruptcy Petition (i.e. the "skeletal petition") under 11 U.S.C. § 101 et seq., of the United States Bankruptcy Code, which is comprised solely of Debtors Voluntary Petition, Creditor Matrix, and Statement of Social Security Number. This Skeletal Petition provides immediate bankruptcy relief for 14 (fourteen) days. Groswald agrees to represent Client SOLELY for this 14-day period.
>
> The detailed additional services provided for in this agreement include:
>
> Selecting the correct chapter of bankruptcy for the debtor, exemption planning, obtaining and reviewing documents (e.g. paystubs, tax returns, bills, other miscellaneous documents), checking casenet (or other online databases) for judgments, doing an intake questionnaire, running a credit report, reviewing the credit report, doing a complete "means test" analysis to confirm that there is not a presumption of abuse, asset verification, verification of previous bankruptcy filings, preparing the voluntary petition, preparing the creditor matrix, and asking Client about potential transfer issues (i.e. fraudulent transfers). In addition, Groswald agrees to file the skeletal petition which provides immediately bankruptcy relief for 14 days. Groswald will also file Client's certificate of credit counseling course completion.

Expiration of Agreement

> **Upon the expiration of 14 days from the filing of the emergency bankruptcy petition, Client terminates Groswald from Clients employ as it relates to Client's chapter 7 bankruptcy proceeding.**
>
> Upon the termination of this 14-day period, client has **three choices**: 1) Client may proceed with Client's bankruptcy pro-se (i.e., without an attorney); 2) client can retain another attorney or 3) client can retain Groswald law to represent Client for the remainder of the Chapter 7 bankruptcy by entering Groswald's post-petition agreement. Should Client elect option one (proceed pro se) or option two (retain new counsel), Groswald Law will *not* request any additional payments from Client.
>
> Client understands that if client does not sign Groswald's post-petition agreement, Groswald will file a motion to withdraw of counsel, which creates a conflict of interest

Sign: _[signature]_  Date: 10/18/22

Exhibit 1

because Client may not want Groswald to withdraw. Groswald is ready to perform all post-petition services so long as Client signs the post-petition agreement. By signing this document, client has stated that Client does intend to engage Groswald for post-petition services.

Execution of Post-Petition Agreement

Client understands that if client wishes to obtain the assistance of counsel for the remainder of Client's bankruptcy proceeding, it is an **extremely time-sensitive matter**, and Client should **not wait until the last day to seek counsel**.

Should Client decide to engage Groswald for post-petition bankruptcy services, Client must execute Groswald's post-Petition agreement **within three days** of the emergency bankruptcy filing.

Client acknowledges that client is aware that Groswald's post-petition agreement costs **$1,600.00** (one thousand six hundred) which may be paid in monthly installments over a period of no more than eleven months. Under the post-petition agreement, Groswald agrees to represent Client from at least day 15 of the bankruptcy filing until Client obtains Client's chapter 7 bankruptcy discharge (i.e. the "wipe out" of the debts) under 11 U.S.C. § 101 et seq., of the United States Bankruptcy Code. Groswald will draft and file Client's Schedules (A/B, C, D, E/F, G, H, I, J), Statement of Financial Affairs ("SOFA"), Form 122A (the "means test"), statement of intent, and other miscellaneous legal documents. Groswald will represent Client for reaffirmation agreements, motions to avoid non-PMSI liens in household goods, and motions to avoid judicial liens. Groswald will represent Client at § 341 meeting of creditors. Groswald will speak with the chapter 7 trustee on Client's behalf when necessary as it relates to asset liquidation, trustee turnover demands, and other miscellaneous dealings with the chapter 7 trustee. Groswald will represent Debtor is it relates to any presumption of abuse allegations (i.e. a "707") from the United States Trustees office. Groswald will file the financial management certificate.

**Client has had an opportunity to review Groswald's post-petition agreement before executing this pre-petition agreement. Client understands that the post-petition agreement will not be discharged in Client's bankruptcy proceeding.**

Time is of the Essence

Client understands that if client wishes to obtain the assistance of counsel for the remainder of Client's bankruptcy proceeding, it is an **extremely time-sensitive matter**, and Client should **not wait until the last day to seek counsel**.

Client understands that within 14 days of the emergency bankruptcy filing, the following additional documents must be filed with the bankruptcy court: Clients Schedules (A/B, C, D, E/F, G, H, I, J), Statement of Financial Affairs ("SOFA"), Form 122A (the "means test"), statement of intent, and certain other miscellaneous legal documents. **Client**

_[signature]_      10/18/22

**Sign**                                 **Date**

**understands that if these documents are not filed within 14 days of the emergency bankruptcy filing, Client's bankruptcy will be dismissed.**

Disclosure of Alternative Agreements

Client has been told by Groswald that instead of entering into a bifurcation agreement, Client can pay $1,983.00 (one thousand nine hundred and eighty-three dollars) in cash up front for Groswald Law's representation for chapter 7 bankruptcy. Should Client pay the up-front price, Groswald would represent Client for the entirety of Client's chapter 7 bankruptcy (i.e. from the date the bankruptcy is filed to the date of discharge). If Client pays the upfront price, Groswald will perform the services previously described, including:

1. selecting the correct chapter of bankruptcy for the debtor, exemption planning, obtaining and reviewing documents (e.g. paystubs, tax returns, bills, other miscellaneous documents), checking casenet for judgments, doing an intake questionnaire, running a credit report, reviewing the credit report, doing a complete "means test" analysis to confirm that there is not a presumption of abuse, asset verification, verification of previous bankruptcy filings, preparing the voluntary petition, preparing the creditor matrix, and asking Client about potential transfer issues (i.e. fraudulent transfers);
2. Filing Clients Voluntary Petition, Creditor Matrix, Statement of Social Security Number, all of clients Schedules (A/B, C, D, E/F, G, H, I, J), Statement of Financial Affairs ("SOFA"), Form 122A (the "means test"), statement of intent, and certain other miscellaneous legal documents; and
3. Groswald will represent Client for reaffirmation agreements, motions to avoid non-PMSI liens in household goods, and motions to avoid judicial liens. Groswald will represent Client at § 341 meeting of creditors. Groswald will speak with the chapter 7 trustee on Client's behalf when necessary as it relates to asset liquidation, trustee turnover demands, and other miscellaneous dealings with the chapter 7 trustee. Groswald will represent Debtor is it relates to any presumption of abuse allegations (i.e. a "707") from the United States Trustees office. Groswald will file the financial management certificate.

Client acknowledges that entering into a pre-petition emergency chapter 7 bifurcation agreement is Client's best financial option because Client cannot afford the upfront fee. Client believes that if Client enters into a post-petition agreement with Groswald, it will not be an undue hardship for Client to pay Groswald $1,600.00 within at least 11 months. Client is aware that Groswald does want Client to enter into the post-petition agreement. Client acknowledges that in the event any part of this agreement is rendered unenforceable, the remainder of this agreement will still be given full force and effect.

Additional Disclosures

Client understands that if client does not sign Groswald's post-petition agreement, Groswald will file a motion to withdraw of counsel, which creates a conflict of interest because Client may not want Groswald to Withdraw. Client understands that Groswald is not paid a single penny for this pre-petition agreement. Client acknowledges that it will be unfair and unjust to insist that

_____  10/18/22
Sign                                          Date

Groswald represent Client for the entirety of the bankruptcy proceeding if Groswald is not compensated for Groswald's services.

Client understands that by executing a post-petition agreement with Groswald or any other lawyer, said post-petition agreement will NOT be discharged (i.e. "wiped out") in Debtor's chapter 7 bankruptcy. **By signing this agreement, you acknowledge that you understand this explanation and give your informed consent to this conflict of interest.**

Law Pay Notice: Client acknowledges that Attorney is not allowed to accept a credit card payment for attorney's fees from a debtor/bankruptcy client who intends to list such payment of fees on a credit card as a debt in a bankruptcy proceeding. Credit card payments may be accepted from third parties who pay our firm's fee on Client's behalf. Debit and check card payments may be accepted directly from Client.

The law requires that you take a credit counseling course at least one day prior to the day you file the case, and take a financial management course before the case is completed – to be safe within 2 months after you file the case. If the credit counseling course is not done, we cannot file the case.

This office may destroy or otherwise dispose of the client's file 90 days following the notice of discharge from the court, or the order dismissing the case. The client may pick up any court papers from the file two months after the discharge from the court. The client should not provide our office with originals of any important documents, but instead should photocopy any documents requested. This office will not be responsible for any original papers given it.

This contract is to be interpreted under the laws of the State of Missouri, and no oral modification of the contract shall be permitted if not incorporated by a written modification signed by all parties. Clients agree that all information disclosed should be accurate, and that they shall not withhold any information responsive to questions asked by the attorney either in person or on documents or letters from the firm. Any material misrepresentation or failure to disclose relevant information will be grounds for the firm to cancel the representation, and withdraw from the case, and may result in loss of all fees paid.

Groswald is ready to perform all post-petition services so long as Client signs the post-petition agreement. By signing this document, client has stated that Client does intend to engage Groswald for post-petition services.

Groswald Law is a Debt Relief Agency: If the terms of this contract accurately reflect the agreement between clients and attorneys, please acknowledge your consent by signing where indicated below. We look forward to working with you. I hereby acknowledge and consent to all the terms of the above contract, which includes the entire agreement between the parties. Groswald Law LLC is a debt relief agency. Clients employ attorneys to represent clients as clients' attorneys at law for the sole purpose of obtaining bankruptcy relief under the United States Code. This representation agreement is limited to representation in general bankruptcy (chapter 13/chapter 7) only.

_[signature]_      10/18/22

**Sign**      **Date**