# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re Brian A. Brooner, | ) |
| | ) |
| | ) Case No. 22-43290-169 |
| | ) Chapter 7 |
| Debtor, | ) |
| _____ | ) |
| | ) |
| Daniel J. Casamatta | ) |
| Acting United States Trustee | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) |
| Maxwell J. Groswald and | ) |
| Groswald Law, LLC | ) |
| Respondents. | ) |

## AMENDED RESPONSE TO UNITED STATES TRUSTEES' MOTION FOR EXAMINATION

COMES NOW, Respondents, Maxwell J. Groswald and Groswald Law, LLC ("Groswald") and brings forth this response.

1. Paragraph 1 calls for a legal conclusion to which admission or denial is not necessary.

2. Paragraph 2 calls for a legal conclusion to which admission or denial is not necessary.

3. Paragraph 3 calls for a legal conclusion to which admission or denial is not necessary.

4. Admits.

5. Admits.

6. Admits.

7. Admits.

8. Admits.

9. Admits.

10. Admits.

1

11. Admits.

12. Admits.

13. Admits.

14. Admits.

15. Admits.

16. Denies.

17. Denies. By way of further answering, Mr. Groswald provides a signed copy to each client.

18. Admits.

19. Paragraph 19 does not require admission or denial. To the extent an answer is required, denies.

20. Paragraph 20 does not require admission or denial. To the extent an answer is required, denies.

21. Paragraph 21 does not require admission or denial. To the extent an answer is required, denies.

22. Paragraph 22 does not require admission or denial. To the extent an answer is required, denies.

23. Paragraph 23 does not require admission or denial. To the extent an answer is required, denies.

24. Paragraph 24 does not require admission or denial. To the extent an answer is required, denies.

25. The document speaks for itself. To the extent that paragraph 25 requires an answer, denies.

26. The document speaks for itself. To the extent that paragraph 26 requires an answer, denies.

27. The document speaks for itself. To the extent that paragraph 27 requires an answer, denies.

28. The document speaks for itself. To the extent that paragraph 28 requires an answer, denies.

29. Paragraph 29 does not require admission or denial. To the extent an answer is required,

denies.

30. Paragraph 30 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

31. Paragraph 31 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

32. Paragraph 32 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

33. Paragraph 33 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

34. Paragraph 34 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

35. Denies.

36. Paragraph 36 does not require an answer. To the extent that an answer is required, denies.

37. Paragraph 37 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

38. Denies.

39. Paragraph 39 is a legal recitation that does not require an answer. To the extent that an answer is required, denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. Paragraph 46 is a legal recitation that does not require an answer. To the extent that an

answer is required, denies.

47. The document speaks for itself and does not require an answer. To the extent that an answer is required, denies.

48. Denies.

49. Denies.

## **AFFIRMATIVE DEFENSES**

50. The United States Trustee fails to state a claim upon which relief can be granted.

51. At all times, Mr. Groswald acted in good-faith and in reliance upon a memo issued by the United States Trustee's Executive office dated June 10, 2022.[1]

52. The United States Trustee should be estopped from prosecuting this case since the Executive Director of the United States Trustee Office takes the opposite position.

53. "Unbundling" and "bifurcation" are different legal theories, and Mr. Groswald cannot be in violation of Local Rule 2093(C)(3) because said rule makes no mention of "bifurcation."

54. The United States Trustee has tacitly ratified bifurcation by omitting to prosecute two other cases Mr. Groswald bifurcated[2], and therefore the United States Trustee should be estopped.

55. Even if Mr. Groswald did not sign the contract (which is explicitly denied), this is a harmless technical error that he should not be punished for.

56. Mr. Groswald reserves the right to assert additional affirmative defenses.

WHEREFORE, having fully answered, Mr. Groswald prays this Court deny the United States Trustees Motion for Examination of Fees; for reasonable attorneys' fees incurred and costs pursuant to § 28 U.S.C. 1927 and the Equal Access to Justice Act, § 28 U.S.C. 2412, et. seq.; and for such other and further relief this Court deems just and proper.

---

[1] https://www.justice.gov/ust/page/file/1511976/download
[2] In re Robert Delaine Howard, case number 22-43540, and In re Kiona Marie Browner, case number 22-43167

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C**

By: */s/ Mark E. Goodman*
Mark E. Goodman #22707
8182 Maryland Ave., Fifteenth Floor
Clayton, MO 63105
Telephone: (314) 505 5430
Facsimile: (314) 505 5431
goodman@capessokol.com

***Attorneys for Respondents***

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2023, a true and correct copy of the above and foregoing motion was filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri and that a true and correct copy of the motion was served electronically via the CM/EMF system of the Clerk of the United States Bankruptcy Court, Eastern District of Missouri upon those parties entitled to receive electronic notice.

I hereby further certify that on September 7, 2023, a true and correct copy of the above and foregoing motion was filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri and that a true and correct copy of the motion was served upon the parties listed below by First-Class United States mail, postage prepaid, at the following addresses:

David A. Sosne
903 S. Lindbergh, Suite 200
St. Louis, MO 63131-2934
CHAPTER 7 PANEL TRUSTEE

Daniel J. Casamatta
Office of the U.S. Trustee
111 S. Tenth Street, Suite 6.353
St. Louis, MO 63102
ACTING UNITED STATES TRUSTEE

Carole J. Ryczek
Office of the U.S. Trustee
111 S. Tenth Street, Suite 6.353
St. Louis, MO 63102
TRIAL ATTORNEY

*/s/ Mark E. Goodman*